UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

V.                                          NO. 12-214

ANTONIO JONES                               SECTION "F"


ORDER AND REASONS

Before the Court is the defendant's objection to the base level offense of 20 in the Pre-Sentence Report. For the reasons that follow, the objection is SUSTAINED; the base offense level should be 14.

**Background**

On November 14, 2012 Antonio Jones pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] Jones faces a maximum penalty of 10 years imprisonment, followed by a 3-year term of supervised release, a $250,000 fine, and a $100 special assessment.

Paragraph 15 of the Pre-Sentence Report assigns Jones a base offense level of 20, noting that the guideline for a Section 922(g)(1) offense is found in U.S. Sentencing Guideline §2K2.1, and further noting that if the defendant committed any part of the instant offense after sustaining one felony conviction of a crime

---

[1] The defendant was originally arrested on state charges for accessory after the fact to murder. This federal charge arose out of that arrest.

1

of violence, the base offense level is 20.  Jones objects to being assigned a base level offense of 20; he contends that it should instead be 14 because his prior conviction for firing a gun in the air does not constitute a crime of violence.[2]

I.

The Sentencing Guidelines ascribe an enhanced base offense level of 20 to a defendant who "committed any part of the instant offense subsequent to sustaining one felony conviction of...a crime of violence...."  U.S.S.G. § 2K2.1(a)(4)(A)

Antonio Jones' prior offense for firing a gun in the air is an Ascension Parish conviction under La.R.S. 14:94(A), which criminalizes illegal use of a weapon defined as:

> the intentional or criminally negligent discharging of any firearm, or the throwing, placing, or other use of any article, liquid or substance, where it is foreseeable that it may result in death or great bodily harm to a human being.

The legal issue presented by the defendant's objection to his base offense level is whether Jones' prior conviction for firing a gun in the air was in law a "crime of violence" within the meaning of the guidelines.  He submits that La.R.S. 14:94(A) does not meet the definition for a "crime of violence" and that, instead of assigning a base offense level of 20, he should be assigned a base

---

[2] Jones advances two objections; only the first is addressed here.  His second objection, regarding misdemeanor convictions, was denied for oral reasons given at his sentencing hearing.

2

level of 14 under § 2K2.1(a)(6).[3]  The Court agrees.

The U.S. Sentencing Guidelines require enhanced sentencing treatment when a defendant has previously been convicted of a "crime of violence."  U.S. Sentencing Guideline § 4B.2(a)[4] defines a crime of violence as a prior offense, punishable by imprisonment for more than one year, that

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another.

Jones contends that 4B1.2(a)(1) does not apply here because subsection (1) requires that the prior offense must have, as an element, that the force be arrayed "against the person of another". La.R.S. 14:94(A) lacks this element.  And the government concedes that the defendant correctly points out that La.R.S. 14:94(A) may be violated by discharging a firearm in the proximity of others (thus, satisfying the "foreseeable" element of that statute) without directing that use "against the person of another" as

---

[3] Section 2K2.1(a)(6) applies to any defendant who was, because of any prior felony conviction, a "prohibited person at the time the defendant committed the instant offense."

[4] Application Note 1 to USSG § 2K2.1 states that the definition of "crime of violence" in USSG § 2K2.1(a)(4)(A) "has the meaning given that term in § 4B1.2(a)...."

required by the guidelines.[5] Because La.R.S. 14:94(A) does not mandate as an essential element "the use, attempted use, or threatened use of physical force against the person of another", U.S.S.G. § 4B1.2(a)(1) is not implicated under the facts presented. See Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 1584 (2008)(New Mexico DUI statute at issue "nowhere 'has as an element the use, attempted use or threatened use of physical force against the person of another'"; accordingly, the 16 level enhancement did not apply);[6] see also United States v. Alfaro, 408 F.3d 204-207 (5th Cir. 2005), cert. denied, 126 S.Ct. 271 (in an immigration case, the same element was required for a prior conviction to qualify for enhancement; the court held that shooting into an occupied building

---

[5] As the Fifth Circuit instructed in United Staets v. Alfaro, 408 F.3d 204, 208-09 (5th Cir. 2005), a crime is not a "crime of violence" if it can be violated by "shooting a gun...without actually shooting, attempting to shoot, or threatening to shoot another person." That is, a person could be convicted of La.R.S. 14:94(A) by merely firing a gun into the air near a crowd of people for the purpose of scaring off pigeons. The shooting might be "negligent" and "foreseeable that it may result in death or great bodily harm to a human being," but would not involve "the use, attempted use, or threatened use or physical force against the person of another," even though this Court takes judicial notice that falling bullets have resulted in the death of bystanders; something the Fifth Circuit seems to overlook.

[6] In Begay, the Supreme Court analyzed the definition of "violent felony" under the Armed Career Criminal Act. But, "[c]onsidering whether a crime is a 'violent felony' under the ACCA is similar to considering whether a conviction qualifies as a 'crime of violence' under U.S.S.G. § 4B1.2(a) because 'the definitions for both terms are virtually identical.'" United States v. Alexander, 609 F.3d 1250, 1253 (11th Cir. 2010) (citing United States v. Taylor, 489 F.3d 1112, 1113 (11th Cir. 2007).

4

does not satisfy the element requiring proof of "the use, attempted use, or threatened use of physical force against the person of another").

It is likewise clear that La.R.S. 14:94(A) does not involve the enumerated offenses of "burglary of a dwelling, arson, or extortion, involves use of explosives"; thus, the first clause of USSG § 4B1.2(a)(2) is obviously not implicated. The true dispute -- to the extent there is one -- is whether Jones was convicted of a crime of violence under the "or otherwise..." language of subsection (2), the residual clause; that is, whether Jones' conviction under La.R.S. 14:94(A) "otherwise involves conduct that presents a serious potential risk of physical injury to another" within the meaning of USSG § 4B1.2(a)(2). Jones submits that it does not. The Court, bound by a rather anemic case literature, agrees.

In order for the illegal discharge of a weapon conviction to qualify as a crime of violence, it must be condemned under the "otherwise..." clause of (a)(2). The Supreme Court has instructed, "[the] presence [of the examples that precede the 'otherwise' clause] indicates that the statute covers only similar crimes, rather than every crime that 'presents a serious potential risk of physical injury to another'"; thus, the Supreme Court instructs, the statute must be read "as limiting the crimes that [(a)(2)] covers to crimes that are roughly similar, in kind as well as in

degree of risk posed, to the examples themselves." See Begay, 128 S.Ct. at 1584-85.

In Begay, the Supreme Court considered whether New Mexico's driving under the influence statute constituted a crime of violence. Finding that it did not, the Supreme Court observed:

> By way of contrast [to the enumerated offenses listed in clause (i) of § 4B1.2(a)(2)], statutes that forbid driving under the influence, such as the statute before us, typically do not insist on purposeful, violent, and aggressive conduct; rather, they are, or are most nearly comparable to, crimes that impose strict liability, criminalizing conduct in respect to which the offender need not have had any criminal intent at all.

Id.

Firing a gun in the air, though potentially as deadly as an inebriated driver on the road, Jones submits, is, like drunk driving, insufficiently similar to and not as regularly risky as the enumerated offenses listed in (a)(2).[7] See Begay, 128 S.Ct. at 1584-85. Indeed, firing in the air, without any statutory requirement that a non-participant be close by, the defendant

---

[7] Shooting a gun in the air, the defendant submits, is not listed among the examples in subsection (2) because the simple firing in the air, such as for New Year's or Fourth of July, is not, by itself, an indicator of criminal inclination, while burglary, arson, extortion, or crimes involving the use of explosives most certainly are. On the other hand, when a human being is the target of the firing, subsection (1) condemns the act. Although the Court finds the prior conviction conduct of Jones to be dangerous, cowardly and despicable, the Court is nevertheless bound by U.S.S.G. § 4B1.2(a)(2), by precedent...and an, at best, inartful statute. If the law is to be changed to correctly deal with criminals like Jones, the Louisiana legislature will have to do it.

contends, is less dangerous than the listed offenses. Cf. United States v. Alexander, 609 F.3d 1250 (11th Cir. 2010)(holding that Florida statute that criminalized the discharge of a weapon if it was both fired from a vehicle and within 1,000 feet of another person was a "crime of violence", and distinguishing the statute from danger present whenever a gun is fired in public).[8]  There must be additional statutory elements, Jones submits, that aggravate the danger of the circumstances of the firing a gun to a level presented by the enumerated crimes.  The Court agrees.  A conviction for illegal use of a weapon under La.R.S. 14:94(A) does not in the text "insist on purposeful, violent, and aggressive conduct"; instead, it arguably is more comparable to a crime imposing strict liability because it criminalizes conduct, as the Supreme Court points out, that does not require the offender to

---

[8]The Eleventh Circuit observed:

> Th[e general risk that a bullet will stray from its target and injure another person] increases substantially when the firearm is discharged from a vehicle.  Not only is the shooter's range of vision diminished, but vehicles are commonly located on roads and parking areas, which are often adjacent to inhabited buildings and populated by drivers of other vehicles, their passengers, and pedestrians. Adding to this the element that another individual must be within 1,000 feet further increases the likelihood that section 790.15(2) is violated under the circumstances in which there is a strong chance that, intentionally or not, some other person will be struck by a bullet.

Id. at 1257.

have any criminal intent.

Finally, it is worth noting that the government does not meaningfully dispute Jones' position; in fact, the government draws attention to United States v. Jack, 352 Fed.Appx. 919, 920 n.1 (5th Cir. 2009) as potentially supportive of Jones' position here.

In Jack, the Fifth Circuit did not reach the question of whether La.R.S. 14:94 is a crime of violence for guideline purposes. However, the court noted that, because it appeared likely that the defendant (who was sentenced to six years imprisonment) was convicted under both La.R.S. 14:94(A) and (E), such combined conviction would likely be a crime of violence. In concluding that "[r]ead together, subsections A and E constitute a crime that 'presents a serious potential risk of physical injury to another'", the Fifth Circuit found it significant that subsection E added the additional element that the firearm discharge was done with the "intent to injure, harm, or frighten another human being".[9] Significantly, that intent is not an element of La.R.S.

---

[9]La.R.S. 14:94(E) provides:

> Whoever commits the crime of illegal use of weapons or dangerous instrumentalities by discharging a firearm from a motor vehicle located upon a public street or highway, where the intent is to injure, harm, or frighten another human being, shall be imprisoned at hard labor for not less than five nor more than ten years....

Notably, subsection E of La.R.S. 14:94, presents elements that enhance the serious potential risk of physical injury, similar to

14:94(A), which is the only crime for which Jones was previously convicted.

Accordingly, the defendant's objection to the assigned base level offense is SUSTAINED.

New Orleans, Louisiana, October  9th  , 2013.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

the danger presented by the Florida statute considered by the Eleventh Circuit in <u>United States v. Alexander</u>, 609 F.3d 1250 (11th Cir. 2010)(holding that Florida statute that criminalized discharge of a weapon if it was both fired from a vehicle and within 1,000 feet of another person constituted "crime of violence", and distinguishing Florida statute from danger present whenever a gun is fired in public), which was mentioned earlier.